MAYER | BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
F: +1 202 263 3300
mayerbrown.com

**Jamie B. Beaber**
T: 202-263-3153
F: 202-263-5240
jbeaber@mayerbrown.com

March 19, 2020

VIA CM/ECF

Peter R. Marksteiner
Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: *In re Apple*, Fed. Cir. No. 2020-115

Dear Mr. Marksteiner:

I write to advise the Court of the recent decision in *In re Supercell Oy*, No. 2020-113 (Fed. Cir. Mar. 17, 2020) (per curiam).

*In re Supercell Oy*, like this case, concerns a petition for mandamus to transfer venue. In seeking transfer, Supercell Oy relied on a forum selection clause and on the 28 U.S.C. § 1404(a) transfer factors. This Court denied mandamus. The Court first explained that a party seeking mandamus to overturn a district court's order denying transfer must show a "clear and indisputable legal right to th[at] relief," which is a "demanding standard." Slip op. 3 (citing *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380-81 (2004)).

The Court then held that the asserted forum selection clause did not apply to the lawsuit at issue. The Court applied the deferential clearly erroneous standard of review to the district court's factual finding about the narrow scope of the clause. Slip op. 5. And the Court recognized that it was entirely appropriate for the district court to construe the scope of the forum selection clause. *Id.*

Finally, the Court held that the district court's application of the Section 1404(a) factors did not amount to "a clear abuse of discretion that refusing transfer amounted to a patently erroneous result." Slip op. 5-6 (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)). The Court explained that "[t]he district court reviewed all the factors on the record before it," and its conclusion was not "patently erroneous." *Id.*

All of these principles apply to *In re Apple*, and they should lead to the same result. The district court in this case carefully construed the asserted forum selection clause and found that it does not apply to the parties' dispute. The court also

evaluated and weighed each of the Section 1404(a) factors and carefully explained its reasoning. There is no error, let alone the very clear error required to satisfy the "demanding" mandamus standard. This Court therefore should deny Apple's mandamus petition.

Sincerely,

/s/ *Jamie B. Beaber*

Jamie B. Beaber

Counsel for Respondent Maxell, Ltd.

Enclosure: *In re Supercell Oy*,
No. 2020-113 (Fed. Cir. Mar. 17, 2020)

cc: Counsel of Record (via ECF)

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: SUPERCELL OY,**
*Petitioner*

---

2020-113

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:19-cv-00070-JRG-RSP, 2:19-cv-00071-JRG-RSP, and 2:19-cv-00072-JRG-RSP, Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before MOORE, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Supercell Oy petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to transfer these cases to the United States District Court for the Northern District of California. GREE, Inc. opposes the petition. Supercell replies.

BACKGROUND

In February 2019, Supercell and GREE entered into a settlement agreement resolving various patent litigations.

That agreement included a standstill provision under which each party agreed not to commence patent litigation until February 28, 2019. The agreement also contained a governing law and forum selection clause that provided that "all matters arising out of or relating to this Agreement, are governed by, and construed in accordance with, the laws of the State of California," and "[t]he sole jurisdiction and venue for any action for breach of or to enforce this Agreement shall be the United States District Court for the Northern District of California."[1]

Shortly after midnight on February 28, 2019 central time, GREE submitted into the filing system of the Eastern District of Texas the three underlying complaints alleging that Supercell infringed its patents. Supercell then immediately sued GREE in the Northern District of California, alleging that GREE breached the settlement agreement by bringing the Texas actions and sought declaratory judgments of noninfringement and invalidity for the same patents. Supercell moved for a temporary restraining order

---

[1] The court notes that both parties have marked as confidential provisions of the settlement agreement and discussions of those provisions that appear verbatim in the district court's public opinion. See *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00071-JRG-RSP, 2019 WL 5596504, at *1–*5 (E.D. Tex. Oct. 30, 2019). The court notes that even words such as "agreement" and "provision" standing alone have been marked confidential for no apparent reason. The court advises the parties that the improper use of confidentiality designations "ignores the requirements of public access, deprives the public of necessary information, and hampers this court's consideration and opinion writing" and could result in sanctions. *See In re Violation of Rule 28(d)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011).

in California to prevent GREE from pursuing the Texas actions. The California court denied the motion and stayed that action, noting that "principles of comity among federal courts and judicial efficiency weigh heavily in favor of resolving all of the parties' disputes in Texas." *Supercell OY v. GREE, Inc.*, No. 3:19-CV-01106, ECF No. 32 (N.D. Cal. May 31, 2019).

Supercell then moved the Eastern District of Texas to transfer the Texas actions to the Northern District of California, arguing that GREE's alleged breach of the settlement agreement should be remedied by transfer, or alternatively, that transfer is warranted under 28 U.S.C. § 1404(a). The district court rejected both arguments. Supercell now seeks a writ of mandamus to direct transfer to the Northern District of California.

## DISCUSSION

A party seeking a writ bears the burden of proving that, among other things, it has a clear and indisputable legal right to the relief it seeks. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004). This demanding standard is not satisfied here.

Supercell first challenges the district court's analysis of the first-to-file rule. That rule "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citation omitted). "Application of the first-to-file rule is generally a matter for a district court's discretion, exercised within governing legal constraints." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (citation omitted).

Supercell does not dispute that its suit was not actually filed first. Supercell instead argues that its California action was the only properly filed suit under the standstill provision. Supercell contends that the district court clearly

erred in (1) assessing when these suits were commenced under the standstill provision at the time GREE uploaded them into the system rather than when GREE logged into the system, and (2) not applying Pacific time to determine when the suit was actually filed. Upon correction of either district court error, Supercell contends, these suits were filed on February 27th, not the 28th, in violation of the parties' standstill agreement. We, however, disagree with Supercell on both points.

We see no clear error in the district court's assessment of when these suits were commenced. Looking to its local rules, which provide that a "document filed electronically is deemed *filed* at the '*entered on*' date and time stated on the Notice of Electronic Filing," *GREE*, 2019 WL 5596504, at *4 (emphasis added) (quoting E.D. Tex. Local Rule CV-5(a)(3)(B)), the district court concluded that the actions commenced after the standstill period on February 28, 2019 because the Notices of Electronic Filing for the three complaints state that they were "entered" on that day. Supercell points to no authority, California or otherwise, that would require the Texas court to use a different approach to determine whether GREE had commenced these suits before the end of the standstill.

We also see no clear abuse in the court's determination of when these actions were filed. Supercell argues that the district court was required to apply Pacific time. But, as the court correctly noted, the settlement agreement is silent as to what time zone should apply. In the absence of any such contractual provision, we cannot say that it was a clear abuse of discretion for the district court to make the first-to-file determination without regard to time zone differences. *See Formaldehyde Institute, Inc. v. U.S. Consumer Prod. Safety Comm.*, 681 F.2d 255, 262 (5th Cir. 1982) (taking the same approach). We have been shown no California authority that would require the district court to depart from that approach. The California law and related California case law that Supercell points to simply

suggest that "[t]he standard time *within the state*" is "Pacific standard time." Cal. Gov't Code § 6808(a) (emphasis added); *Miracle Auto Ctr. v. Superior Court*, 68 Cal. App. 4th 818, 820 (1998). That is not a basis to conclude the district court clearly erred.

Supercell next challenges whether the agreement's forum selection clause barred GREE's patent infringement actions in Texas. The district court rejected this argument because the clause "applies only to actions for breach or enforcement of the Settlement Agreement, not all disputes between the parties or even all disputes relating to the Settlement Agreement." *GREE*, 2019 WL 5596504, at *6. We see no clear error in the district court's assessment of the scope of the forum selection clause. Supercell argues that the district court "erred by failing to consider Supercell's defenses when applying the Agreement's forum selection clause." But the only defense that Supercell points to merely says "GREE is barred or limited from recovering damages from Supercell, in whole or in part, under principles of equity, including laches, waiver, estoppel and/or unclean hands."[2] That defense, expressly considered by the district court, does not mention, let alone directly implicate, the agreement.

Separate from the settlement agreement, Supercell argues that the usual transfer factors under section 1404(a) warrant transfer. Under applicable Fifth Circuit law, we review those determinations only to see if there was such a clear abuse of discretion that refusing transfer amounted

---

[2] The court notes that Supercell added a breach of contract defense only after the district court denied its motion to transfer. *See* Answer to First Am. Compl. at 8, *GREE*, No. 2:19-cv-00071-JRG-RSP (Dec. 24, 2019), ECF No. 98. Even considering the amended answer, we cannot say that this case would fall within the limited scope of the parties' forum selection clause.

to a patently erroneous result. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Supercell has not made such a showing. The district court reviewed all the factors on the record before it. The district court here reasonably concluded that trial in California would impose a similar degree of inconvenience given both parties were foreign corporations. The district court also considered and rejected the relevance of Supercell's subsidiary employee and expert witness in California, and we are not prepared to say its conclusions were clearly incorrect. Finally, while Supercell reiterates its argument that transfer would allow one court to resolve all of these related actions, as the district court correctly explained here, "this argument has already been repudiated by the California Court itself."

Accordingly,

IT IS ORDERED THAT:

(1) The petition is denied.

(2) The motions to exceed the confidential word limit are denied as moot.

FOR THE COURT

March 17, 2020
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s35

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2020, the foregoing Letter of Supplemental Authority was served on opposing counsel electronically via the Court's CM/ECF system.

Dated: March 19, 2020 /s/ *Jamie B. Beaber*